BUTLER *against* STOCKING impleaded with Alfred H. Hunt.

An authority for one partner to subscribe the firm name as accommodation sureties for a third person may be shown by circumstances.

Accordingly, where the firm name, Stocking and Hunt, was so signed by the partner Hunt, for the accommodation of David H. it was held competent to show that three years before, Stocking was informed that it was so used and replied that it was all right, and that after the failure of David Hunt, he stated he did not know the amount of his liabilities for him as he had kept no account of them.

This action was brought upon three promissory notes, dated in the years 1845 and 1846, made by the defendant, David Hunt, as principal, and Stocking & Hunt, a firm consisting of the defendants Stocking and Alfred H. Hunt, as sureties. The notes were given for money borrowed by the defendant, David Hunt, the signature of Stocking & Hunt having been made for his accommodation by the defendant Alfred H. Hunt. David Hunt failed in 1846,

Butler *against* Stocking.

after the notes were made. Neither of the Hunts put in answers to the complaint. Stocking defended, on the ground that the signature of Stocking & Hunt was unauthorized. The cause was tried at the Oneida circuit in August, 1849, before Mr. Justice GRAY.

On the trial, Edward Eames, a witness for the plaintiff, testified that in 1843 he received from David Hunt for money lent him, two notes signed by him as principal and by Stocking & Hunt in the handwriting of Alfred H. Hunt as sureties; that he called on Mr. Stocking and informed him that he held the paper of David Hunt with the firm name of Stocking & Hunt as sureties in the handwriting of Alfred H. Hunt. Mr. Stocking said, " It is all right, whatever David wants he can have; that they were not in the habit of lending their names to every one, but whatever David wanted he could have." He spoke of David's business and credit; that they were good. Justus H. Rathbone, another witness for the plaintiff, testified that soon after David Hunt's failure he called on Mr. Stocking and asked him what was the extent of his liabilities for David Hunt? He said he could not answer; he had that confidence in David that he kept no particular account of his liabilities for him. Upon the plaintiff resting, the counsel for the defendant Stocking moved for a nonsuit, on the ground " that there was no evidence given in the case sufficient, and which deserved to be submitted to the jury, or that would warrant them in finding that Alfred H. Hunt had authority to sign the notes. The motion was denied and the defendant Stocking excepted. The jury found a verdict for the plaintiff and the judgment thereon was affirmed at a general term in the fifth district. The defendant Stocking appealed.

*J. A. Spencer*, for appellant.

*S. Beardsley*, for respondent.
SEL. IV.—52.

WILLARD, J. — The only point which properly arises in this case is, whether the judge at the trial erred in refusing to grant a nonsuit.

There is no doubt that the defendant Stocking was not liable, unless the signature " Stocking & Hunt, sureties," subscribed to the note of David Hunt was made with the assent of Mr. Stocking. The name of the firm was then subscribed by Alfred H. Hunt the partner of Stocking, but in a business not pertaining to the partnership. The burthen of proving the authority of Stocking for this use of his name, is cast upon the plaintiff. (*Foot* v. *Sabin*, 19 *John. R.* 154; *Boyd* v. *Plumb*, 7 *Wend.* 309; *Stall* v. *Catskill Bank*, 18 *Wend.* 466.)

This authority may, like other facts, be proved by circumstances. (*Weed* v. *Carpenter*, 10 *Wend.* 403.) It was proved that about two years before the date of the note in question, Alfred H. Hunt had signed the firm name of Stocking & Hunt as sureties, to two notes of David Hunt, for borrowed money both at thirty days, and a short time after they became due, the witness who was the payee of the notes called on Mr. Stocking and informed him that he the witness held the paper of David Hunt with the firm name of Stocking & Hunt as sureties in the handwriting of Alfred H. Hunt. Mr. Stocking said, " It is all right, whatever David wants he can have;" that they were not in the habit of lending their names to every one, but whatever David wanted he could have. On his cross-examination he said he would not say whether Mr. Stocking used the words " lending his name" or " endorsing." Great stress is laid on this doubt on the part of the defendant, but it is really of no consequence which form of expression he used. He was told by the witness that the note which he held had the firm name of Stocking & Hunt *as sureties* to it, in the handwriting of Alfred H. Hunt. The conversation of Stocking was called out by that information. He knew, therefore, that it was in that form the firm name had been used, for David. The testimony of Rathbone adds

Butler *against* Stocking.

some confirmation to this testimony, since it shows that the friendly relation between Stocking and David had continued down to a later period than the giving of the notes in question, and that at the failure of David, in August 1846, Mr. Stocking was in some form still liable for David to an extent which he could not tell, without reference to his books, and that David's partner had taken him by surprise.

I think a jury might well infer from these facts that Stocking had authorized his partner Alfred H. Hunt to use the firm name, as sureties or endorsers for David Hunt.

JEWETT, J. — It appearing by the evidence given by the plaintiff that the notes were made by David Hunt as principal and signed by Alfred H. Hunt with the firm name of Stocking & Hunt as sureties for David Hunt, in order to show a right of recovery against Stocking, it was necessary for the plaintiff to give evidence to show that Stocking authorized the signature of the firm to be made, or that he subsequently ratified the act. (*Dobb* v. *Halsey*, 16 *Johns.* 38; *Foot* v. *Sabine*, 19 *Johns*. 154.)

It was competent to establish that fact as well by the proof of circumstances from which it might properly be inferred as by direct proof, and for that purpose the testimony of Eames and Rathbone was pertinent.

It was not denied either at the trial or on the argument in this court, but that this evidence was competent and proper to be given by the plaintiff upon the question whether Stocking authorized or assented to such use of the copartnership name of Stocking & Hunt, by his partner Alfred H. Hunt.

It can not be denied, but that the evidence thus given, tended to prove the liability of Stocking. It authorized the presumption of his assent to the use of the copartnership name of Stocking & Hunt, upon the notes in question as security for David by Alfred H. Hunt. It seems that

Butler *against* Stocking.

the counsel for Stocking on the trial considered, that there was *some* evidence of his assent, for on the motion for a nonsuit, the ground taken was not that there was *no* evidence of his liability, but that there was not *sufficient* evidence of it. I think that the judge was right in refusing to pass upon the weight of the evidence; if there was any evidence of the disputed fact it was the province of the jury to determine its effect. The general rule is, that if there be *any* evidence tending to the proof of the fact in question, its sufficiency and effect belong exclusively to the jury to determine under such observations upon it as the court may think proper in its discretion to make to aid them in their deliberations. (*Columbian Ins. Co.* v. *Lawrence,* 2 *Peters,* 25, 44; *Bank of U. S.* v. *Corcoran, ib.* 121, 133; *Van Ness* v. *Pacard, ib.* 137, 149; *Greenleaf Ev.* § 2; *Weed* v. *Carpenter,* 10 *Wendell,* 404.) I think the judgment should be affirmed.

TAGGART, J., was in favor of reversing the judgment and ordering a new trial.

All the other judges concurred in the opinion of judges Willard and Jewett.

Judgment affirmed.