### MARKHAM *v.* WASHBURN *et al.*

*(Common Pleas of New York City and County, General Term. April 4, 1892.)*

1. UNAUTHORIZED ACT OF AGENT—RATIFICATION.

　　An intention to ratify an unauthorized employment by an attorney of a real-estate broker to sell real estate is shown by a promise made by the principal to pay such broker the amount promised him for his services by the attorney.

2. APPEAL—JOINT EXCEPTIONS.

　　Joint exceptions by two defendants to the denial of motions, made by them jointly, to dismiss the complaint and direct a verdict, are not available on appeal, where such rulings were proper as to one of the defendants.

3. SAME—OBJECTIONS ABANDONED.

　　A point attempted to be raised on trial in the court below, and then abandoned, cannot be considered in the appellate court.

Appeal from city court, general term.

Action by James F. Markham against William T. Washburn and Emma J. Richardson to recover for services rendered as broker in the sale of real estate. From a judgment of the general term of the city court affirming a judgment for plaintiff entered on the verdict of a jury, and an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*George Bell*, for appellants. *Mahoney & Westermayr*, (*Daniel P. Mahony*, of counsel,) for respondent.

BISCHOFF, J. Executors and trustees, in the absence of an agreement exempting them therefrom, are personally liable upon contracts entered into by them for services to be rendered on behalf of the trust-estate, (*Mygatt* v. *Wilcox*, 45 N. Y. 306; *Ferrin* v. *Myrick*, 41 N. Y. 315;) and, if it appear that plaintiff's employment by Wood was authorized or ratified by defendants, he is entitled to recover against them personally. Defendants were the executors of, and trustees under, the last will and testament of Benjamin Richardson, deceased, and as such sold the premises No. 16 West 132d street, which formed a part of their testator's estate, to one Peter Smith, for $16,250. It was conceded that the sale was effected through plaintiff's instrumentality, and the latter claimed to have rendered the services culminating in the sale

at the request of one Horace G. Wood, who professed to be acting for the defendants, and to have authority from them. Wood was an attorney and counselor at law, as such having charge of defendant's affairs. To sustain his claim plaintiff testified that before the sale was effected Wood agreed to pay him for his services one-half of the purchase money realized over $16,000, in addition to a commission of 1 per centum; that he thereupon procured Smith as a purchaser; and that, shortly after the executory contract of sale was entered into between defendants and Smith, Mrs. Richardson, one of the defendants, promised to pay the one-half of the excess over $16,000 realized, forthwith, and the remaining $160 as soon as the contract had been performed. Plaintiff admitted that $160 had been paid him, and the claim in suit was thus reduced to $125, for which he recovered judgment.

Defendants denied Wood's authority to employ the plaintiff, and to bind them by any agreement to that effect. No evidence was adduced for the plaintiff tending to establish such authority at the time of the employment, and none could be inferred from the mere fact that Wood represented defendants in his profession as an attorney and counselor at law. Unless, therefore, the evidence presents a subsequent ratification by the defendants of plaintiff's employment by Wood, defendants' motion for dismissal of the complaint should have been granted. Ratification, however, is not required to be shown by such facts and circumstances as would create a technical estoppel. It is enough if the person to be charged has, with full knowledge of the facts, unequivocally manifested an intention to adopt the previously unauthorized act in his behalf as his own, (*Keeler* v. *Salisbury*, 33 N. Y. 648, 652; *Butler* v. *Stocking*, 8 N. Y. 408,) and such an intention is apparent from defendant Richardson's promise to pay plaintiff the sum which Wood had agreed should be paid him for his services. If the jury chose to credit plaintiff's testimony in this respect it is not within our province, in appeals from the city court, to say that such credit was given against the weight of the evidence. *Arnstein* v. *Haulenbeek*, (Com. Pl. N. Y.) 11 N. Y. Supp. 701. True, this testimony did not show a ratification by the defendant Washburn, but, unless there is apparent upon the record a valid exception to the refusal of the trial court to dismiss the complaint or to direct a verdict, the defendants will be deemed to have conceded the sufficiency of the evidence, and to have acquiesced in its submission to the jury, and they will not thereafter be heard to complain that the verdict was against the evidence, or without any evidence to support it. *Barrett* v. *Railroad Co.*, 45 N. Y. 628, 632. Such motions were made and denied, and the rulings were excepted to by the defendants, but the insufficiency of the exceptions is apparent if it be remembered that the evidence of Mrs. Richardson's ratification of Wood's agreement with the plaintiff rendered a denial of the motions proper as to her, and that the motions were not made for each defendant separately, but for them jointly. The rulings being thus proper as to one of the defendants, the joint exception thereto does not present error, though it be conceded that the ruling should have been otherwise respecting the other defendant if it had been severally requested as to him. *Murray* v. *Usher*, 117 N. Y. 542, 23 N. E. Rep. 564; *Bosley* v. *Machine Co.*, 123 N. Y. 551, 557, 25 N. E. Rep. 990. This applies equally to the exception taken to the denial of defendant's motion to strike out so much of plaintiff's testimony as purported to relate to a conversation with Wood on the ground of its immateriality and irrelevancy.

Next, appellants' counsel contends that Wood's promise to pay one-half of the purchase money above $16,000 was secured by plaintiff by means of his fraudulent concealment of the fact that the purchaser had indicated his readiness to offer a greater sum for the property than that reported by the plaintiff, and that plaintiff was not entitled to recover for that reason. This point, however, was attempted to be raised on the trial, and then abandoned, and is, therefore, not now available. Neither do we think that the evidence will

bear the construction contended for. Several other exceptions appear in the case, but are not specially urged, and we therefore refrain from noticing them any further than to say that upon their examination we fail to perceive any error calling for reversal. The judgment and order appealed from should be affirmed, with costs.