### KITTEL v. CALLAHAN.

*(Common Pleas of New York City and County, General Term.* May, 1892.)

**1. PARTNERSHIP—AUTHORITY OF PARTNER—GUARANTY—ADMISSIONS.**
> The admissions of a partner are not evidence of his authority to bind the firm by a guaranty.

**2. SAME—PAROL RATIFICATION OF GUARANTY—STATUTE OF FRAUDS.**
> A parol ratification by one of two partners of a guaranty given by the other partner in the firm name is not a promise to pay the debt of another, and void within the statute of frauds, because not in writing, and without apparent consideration, since by the ratification the firm signature became his signature, and the guaranty his contract, and since the guaranty imported "value received" on its face.

**3. SAME—PRACTICE—DISMISSAL—APPEAL.**
> In an action against two partners on a guaranty given by one in the firm name without authority, a refusal to dismiss the complaint is not available as error on appeal by the other where the motion to dismiss and the exception to its denial were made in behalf of the partners jointly, since the partner giving the guaranty was bound by it.

Appeal from judgment on report of referee.

Action by Joseph J. Kittel against Thomas J. Callahan and James H. Gartlan, constituting the firm of Callahan & Gartlan, on a guaranty for the accommodation of the maker of a note, and indorsed thereon in the firm name by Gartlan. Judgment for plaintiff. Defendant Callahan appeals. Affirmed.

Argued before BOOKSTAVER and PRYOR, JJ.

*William Settle,* for appellant. *Straley, Hasbrouck & Schloeder, (John A. Straley,* of counsel,) for respondent.

PRYOR, J. Technical objections are interposed to a review of the judgment, but, as we are of opinion that it is unimpeachable on the merits, we prefer to entertain the appeal. The power of a partner implied in the contract of partnership is limited to transactions within the scope of the partnership business. It results, therefore, that one partner has no authority, merely by virtue of the partnership relation, to bind the firm by a contract of surety or guaranty for the accommodation of a stranger. He has no right to be generous at the expense of his associates. *Laverty* v. *Burr,* 1 Wend. 529; *Stall* v. *Bank,* 18 Wend. 466; *Fielden* v. *Lahens,* 2 Abb. Dec. 111; 3 Kent, Comm. 47. Involved in this principle is the further proposition that where the fact that the firm name is indorsed or signed by a partner for accommodation, or by way of surety or guaranty, is apparent upon the face of the paper, or implied

in the circumstances of the transaction, or actually known to him who would avail himself of such guaranty, surety, or indorsement, the contract cannot, without more, be enforced against the firm, (*Bank* v. *Saffarrans*, 3 Humph. 597;) and in such case it devolves upon the plaintiff to rebut the presumption of want of authority, by showing the express or implied assent of the other partners to the use of the firm name, (*Hendrie* v. *Berkowitz*, 37 Cal. 113; *Insurance Co.* v. *Bennett*, 5 Conn. 577; *Foot* v. *Sabin*, 19 Johns. 155; *Rust* v-*Hauselt*, 41 N. Y. Super. Ct. 467; *Rolston* v. *Click*, 1 Stew., Ala., 526.) Proof of previous authority is, of course, sufficient to fix the firm with liability; and, since subsequent ratification is equivalent to prior command, after-assent is equally effectual to bind the firm. *Butler* v. *Stocking*, 8 N. Y. 408; *Duncan* v. *Lowndes*, 3 Camp. 478; *Sweetser* v. *French*, 2 Cush. 309. In the case at bar the plaintiff is conclusively presumed to have had notice that the guaranty was beyond the scope of the partnership business, but he relies upon proof of previous authorization as well as subsequent ratification of the guaranty by the defendant. Was the proof sufficient?

Counsel for respondent assumes that Gartlan's admissions are evidence of his authority; but the rule is familiar that an agent—and a partner, in relation to his copartner, is but an agent—cannot establish his authority by his own mere declarations. The argument to the contrary revolves in a vicious circle. He is a partner because he says so, and what he says is conclusive because he is a partner. Precarious, indeed, would be the fortunes of a firm if the power of a member to bind it were commensurate, not with his real authority, but with the possibilities of his claim of power. The case exhibits no evidence of authority in Gartlan to give the guaranty in behalf of the firm. As to ratification, however, the proof is sufficient to show an adoption and confirmation by defendant of the act of his copartner. *Butler* v. *Stocking*, 8 N. Y. 408; *Bank* v. *Warren*, 15 N. Y. 577. But appellant contends that his parol assent to abide the guaranty is a promise to pay the debt of another, and so is void within the statute of frauds, because not in writing, and because without apparent consideration. The answer is that, upon the adoption of the firm signature by Callahan, it became his signature, and the guaranty his contract, and that the guaranty imports "value received" on its face. The referee therefore committed no error in refusing to dismiss the complaint; but, if otherwise, the error is not available, because the motion and the exception to its denial were in behalf of Callahan and Gartlan jointly; whereas, in any event, Gartlan was bound by the guaranty, no matter how absolutely without authority. *Fielden* v. *Lahens*, *supra*. There should have been a several motion and exception in behalf of defendant, Callahan. *Bosley* v. *Machine Co.*, 123 N. Y. 550, 25 N. E. Rep. 990; *Murray* v. *Usher*, 117 N. Y. 542, 23 N. E. Rep. 564; *Markham* v. *Washburn*, (Com. Pl. N. Y.) 18 N. Y. Supp. 355. The rule enunciated by the authorities just cited disposes of the only plausible point upon the admission of evidence, namely, the introduction of statements of Gartlan in the absence of Callahan to affect him. A several objection and exception should have been taken by Callahan.

Judgment affirmed, with costs.