FREEMAN MURRAY, as Administrator, etc., Respondent, *v.* LUKE USHER et al., Appellants.

In an action to recover damages for the death of B., plaintiff's intestate, alleged to have been caused by the negligence of defendants, it appeared that B. was employed by the defendants U. & W. as a day laborer in their saw mill; that while engaged in the performance of his duty he received injuries by the falling of a platform which resulted in his death; that defendant L. was an employe of U. & W. he having the general charge and superintendence of the business under their supervision, they giving directions from time to time. They instructed L. to look after the necessary repairs and it was his duty to inspect said platform from time to time so as to keep it in a safe condition; the evidence justified an inference that he negligently omitted to perform his duty. The case was tried upon the theory that there was no distinction between the position of L. and that of his co-defendants. It was claimed on appeal that the action was not maintainable against L. because he was a servant of the other defendants, and, as such, was not chargeable for non-feasance. *Held*, that this question not having been raised by any exception, could not be entertained on appeal; and that the evidence justified a finding of negligence on the part of defendants.

The general rule of *respondeat superior* charges the master with liability for the servant's negligence in the master's business causing injury to third persons, and the acts of the servant may, in general, be treated as the acts of the master.

*It seems* the agent or servant is liable as well as the master where the injury is caused by his misfeasance, although committed in the master's business, but where it is the result of non-feasance on his part he is not, as a general rule, liable.

Evidence was offered by defendants that they had paid the expenses of the support and maintenance of B. after the injury up to his death and for his burial. This was not offered by way of showing satisfaction or settlement of the cause of action and no such defense was pleaded. The evidence was excluded. *Held,* no error.

*Littlewood* v. *Mayor, etc.* (89 N. Y. 24) distinguished.

The court charged that the sudden development of the insecurity of the platform would not excuse the defendants if the failure to ascertain the defects before that was attributable to want of proper or competent inspection. *Held,* no error.

*It seems* the expenses incurred by a person injured, for medical treatment, between the happening of the injury and the death resulting therefrom, are not recoverable in a statutory action (Code Civ. Pro. §§ 1902, 1904) to recover damages for death caused by negligence.

Reported below, 46 Hun, 404.

(Argued December 10, 1889; decided December 20, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 13, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought by plaintiff to recover damages for alleged negligence causing the death of John Blanchard, plaintiff's intestate.

Blanchard was employed by defendants Usher & Watkins as a day laborer in their saw-mill. While so employed a platform upon which he was fell, and he received injuries causing his death. Defendant Lewis was their superintendent, having general charge of the business under their supervision, they giving directions to him from time to time. Lewis was instructed to look after the necessary repairs, and it was his duty to inspect said platform from time to time so as to see it

was kept in a safe condition. Plaintiff's evidence tended to show that he negligently omitted to perform this duty.

The further material facts are stated in the opinion.

*John A. Vance* for appellants. The administrator can maintain this action only in cases in which his intestate was not compensated before his death for the injury which resulted in such death. (*Littlewood* v. *Mayor, etc.*, 89 N. Y. 24, 27.) The court erred in refusing to grant the motion for nonsuit made at the close of the plaintiff's case, and again at the close of the testimony in the case, and also in denying the motion made upon the minutes to set aside the verdict and for a new trial. The defendant Lewis was a fellow servant with the plaintiff's intestate and with the witness Lalone. It is only for his own personal negligence that a servant is liable. (S. & R. on Neg. [4th ed.] § 247; *Brown* v. *Lent,* 20 Vt. 529.) There is no proof that any of the defendants had any knowledge of any defect in the structure. (*Wright* v. *N. Y. C. R. R. Co.,* 25 N. Y. 562–566; *Warner* v. *Erie R. R. Co.,* 39 id. 468, 474, 475; *Devlin* v. *Smith,* 89 id. 470–477; *Curtis* v. *R. & S. R. R. Co.,* 18 id. 554; *Loonan* v. *Brockway,* 28 How. Pr. 472–474; *Burke* v. *Witherbee,* 98 N. Y. 522–528.) No proof can be offered of facts not put in issue by the pleadings. (*Kelsey* v. *Western,* 2 N. Y. 500–506; *R. E. Bank* v. *Eames,* 4 Abb. Ct. App. Dec. 88, 89; *Furgeson* v. *Furgeson,* 2 N. Y. 360; *N. Y. C. Ins. Co.* v. *N. P. Ins. Co.,* 20 Barb. 469–473.)

*Nelson L. Robinson* for respondent. The defendants were bound to use all reasonable care, diligence and caution in providing that the platform should be safe, and for their failure so to do were liable in this action. (*Corcoran* v. *Holbrook,* 59 N. Y. 517; *Fuller* v. *Jewett,* 80 id. 46; *Vosburgh* v. *L. S. & M. C. R. R. Co.,* 94 id. 374; *Stringham* v. *Stewart,* 100 id. 516; *Benzing* v. *Steinway,* 101 id. 552; *N. Pac. R. Co.* v. *Herbert,* 35 Alb. L. J. 228; *Ford* v. *Lyons,* 41 Hun, 512; *Monihan* v. *Hills Co.,* 16 N. E. Rep. 574; *Bushby* v. *N. Y., L. E. & W. R. R. Co.,* 107 N. Y. 374, 379; *Dervin*

v. *Herman*, 23 J. & S. 274; *Nichols* v. *Brush Co.*, 53 Hun, 138; *Wright* v. *Wilcox*, 19 Wend. 343; *Phelps* v. *Wait*, 30 N. Y. 78; *Roney* v. *Aldrich*, 44 Hun, 320; S. & R. on Neg. § 115; *Lang* v. *N. Y., L. E. & W. R. R. Co.*, 51 Hun, 603; *Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129.) There was abundant proof of a lack of ordinary care, diligence and caution on the part of the defendants in neglecting to provide for the safety of the platform. (*Rice* v. *K. P. Mills*, 4 N. E. Rep. 63; *Fuller* v. *Jewett*, 80 N. Y. 46, 52; *Benzing* v. *Steinway*, 101 id. 547, 553.) It was not error to exclude evidence of what the defendants may have done to relieve the pain and suffering of plaintiff's intestate and to give him a decent burial. (*Wandell* v. *Edwards*, 25 Hun, 499; Sedg. on Dam. 540; *Whitford* v. *P. R. Co.*, 23 N. Y. 465, 469; *Littlewood* v. *Mayor, etc.*, 89 id. 24; *Ransom* v. *N. Y. & E. R. Co.*, 15 id. 415; *Blake* v. *M. R. R. Co.*, 10 Eng. L. and Eq. 443; *Linsley* v. *Bushnell*, 15 Conn. 225; *Seger* v. *Barkhamsted*, 22 id. 290; *Canning* v. *Williamstown*, 1 Cush. 451; *Curtis* v. *R. & S. R. R. Co.*, 18 N. Y. 534; *Morse* v. *A. & S. R. R. Co.*, 10 Barb. 621; Code Civ. Pro. § 1904; *Lehmann* v. *Brooklyn*, 29 Barb. 234; *Green* v. *H. R. R. Co.*, 32 id. 25; *Holland* v. *Brown*, 35 Fed. Rep. 43; *Althorf* v. *Wolfe*, 22 N. Y. 355; *Yates* v. *Whyte*, 4 Bing. 272; *Harding* v. *Townshend*, 43 Vt. 536; S. & R. on Neg. [3d ed.] § 609.) There was no error in allowing Lalone to state what he did to the platform. (*Oldfield* v. *H. R. R. Co.*, 14 N. Y. 310; *Nolten* v. *W. R. R. Co.*, 15 id. 444, 450; *Reeder* v. *Sayre*, 70 id. 180; *Harris* v. *Tumbridge*, 83 id. 92; *Fuller* v. *Jewett*, 80 id. 52.) There was no error in admitting the testimony of the expert witnesses, Averill, Griffin and McNulty, as to the life and safety of hemlock timber standing between wind and water. (*Folks* v. *Chad*, 3 Doug. 157; *Smith* v. *Gugerty*, 4 Barb. 625; *Conrad* v. *Ithaca*, 16 N. Y. 158; *Harold* v. *N. Y. C. & H. R. R. R. Co.*, 13 Daly, 378 · *Ferguson* v. *Hubbell*, 97 N. Y. 507; *Harnett* v. *Garvey*, 66 id. 641; *Filer* v. *N. Y. C. R. R. Co.*, 49 id. 42; *Dilleber* v. *H. L. Ins. Co.*,

87 id. 79.) There was no error in allowing the witness Chalmers to contradict the witness Daniel McLean. (*Sloan* v. *N. Y. C. R. R. Co.*, 45 N. Y. 125.) The exception to the charge that if the structure, becoming unsafe within one hour, was the direct effect of age, or any other defect in the structure, which could have been ascertained by competent examination, the defendants were liable, was not well taken. (3 G. & W. on New Trials, 766, 767, 811; *Hale* v. *Smith*, 78 N. Y. 480; *Cummings* v. *B. C. R. Co.*, 6 Cent. Rep. 397; *Caldwell* v. *N. J. S. Co.*, 47 N. Y. 286; *People* v. *McCallam*, 103 id. 597; *Vosburgh* v. *L. S. & M. C. R. R. Co.*, 94 id. 374) As there was sufficient evidence on which to submit to the jury the question of negligence their verdict is conclusive. (*Durkin* v. *Sharp*, 88 N. Y. 225; *Painton* v. *N. C. R. R. Co.*, 83 id. 7.)

ANDREWS, J. We concur in the opinion below that a case was made for the jury upon the question whether there was negligence in failing to ascertain the defective condition of the platform, and to take necessary means for its reparation. Certain questions of law have been argued by the counsel for the defendants which we will briefly consider. The judgment could not be maintained against the defendant Lewis if the case presented an exception raising the question that his neglect to perform the duty imposed on him by his employers to inspect and repair the platform from time to time, so as to keep it in a safe condition, did not render him liable for injury resulting to third persons from such neglect. Lewis and the plaintiff's intestate were co-servants of the owners of the mill, the former having the general charge and superintendence of the business under the supervision of the owners, who themselves gave directions from time to time. They instructed Lewis to look after the necessary repairs, and the evidence justifies the inference that, in respect to the platform, he omitted to perform his duty.

The general rule of *respondeat superior* charges the master with liability for the servant's negligence in the master's busi-

ness, causing injury to third persons.   They may, in general, treat the acts of the servant as the acts of the master.   But the agent or servant is himself liable as well as the master, where the act producing the injury, although committed in the master's business, is a direct trespass by the servant upon the person or property of another, or where he directs the tortious act.   In such cases the fact that he is acting for another does not shield him from responsibility.   The distinction is between misfeasance and non-feasance.   For the former the servant is, in general. liable ; for the latter, not.   The servant, as between himself and his master, is bound to serve him with fidelity and to perform the duties committed to him. An omission to perform them may subject third persons to harm, and the master to damages.   But the breach of the contract of service is a matter between the master and servant alone, and the non-feasance of the servant causing injury to third persons is not, in general, at least, a ground for a civil action against the servant in their favor.   (*Lane* v. *Cotton*, 12 Mod. 488 ; *Perkins* v. *Smith*, 1 Wils. 328 ; *Bennett* v. *Bayes*, 5 H. & N. 391 ;   Smith's Mas. and Ser. 216, and cases cited.)

But the case was tried upon the theory that there was no distinction between the position of Lewis and that of his co-defendants.   The defendants joined in their answer and in the appeal, and no suggestion was made at any point that the action could not be maintained against Lewis, although there was negligence on his part in failing to inspect and repair the platform.   The grounds specified in the motion to nonsuit were presented at first in behalf of all the defendants, and then of each separately.   But they contain no suggestion that Lewis stands in any relation to the action different from that of his co-defendants, but assume that all the defendants stand in the same situation.   The point now taken, that the action was not maintainable against Lewis because he was an agent and servant of the other defendants, and was chargeable with non-feasance only, not having been raised by any exception, cannot be entertained.

The defendants also urged an exception taken to the refusal

of the trial judge to permit evidence to be given that the defendants paid the expenses of the support and maintenance of the intestate after the injury up to his death, and of his proper interment. There was no error in this ruling. The expenses incurred by a person injured for medical treatment, or for support between the happening of the injury and the death resulting therefrom, are not recoverable by his administrator in the statutory action given by the act of 1847; and it would seem to follow that the payment of such expenses by the wrong-doer cannot be shown either in bar or in mitigation of damages. If they were paid in satisfaction of the wrong under an agreement with the intestate, and under circumstances which would sustain a plea of accord and satisfaction, and show an extinguishment of the cause of action in favor of the intestate in his lifetime, the case of *Littlewood* v. *Mayor, etc.* (89 N. Y. 24), might have some application. It was there held that the action given to the next of kin by the statute, while not a continuation of the same right of action vested in the intestate, was, nevertheless, made dependent on the existence of a cause of action in the decedent at the time of his death, not satisfied or otherwise discharged, for the recovery of damages for the same negligence. But the proof was not offered with a view of showing that the cause of action in favor of the decedent had been satisfied or discharged, and no such defense was set up in the answer. The suggestion that the evidence was competent to show that the estate of the intestate was not depleted by the disability caused by the injury has a sufficient answer in the fact, brought out by the defendants, that the intestate had no estate, and it is not necessary to consider whether the evidence would have been competent under other circumstances.

The exception to the charge is not, we think, well taken. The charge, as a whole, stated the correct rule of law, and the clause objected to, by fair construction, presented the point that the sudden development of the insecurity of the platform would not excuse the defendants if the failure to ascertain the defect before that was attributable to want of proper

1889.]    PEOPLE ex rel. CORNELL UNIV. *v.* DAVENPORT.    549

Statement of case.

or competent inspection, and the charge, so construed, was unobjectionable.

We think that no error was committed on the trial, to which any exception was taken, and the judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.