## KIMBRO v. HOLLADAY et al.*
### No. 4763.

Court of Appeal of Louisiana. Second Circuit.

May 4, 1934.

Hawthorne & Files, of Bastrop, and A. P. Lassiter, of Monroe, for appellant.

Edward L. Gladney, Jr., of Bastrop, for appellee.

DREW, Judge.

This is a suit for damages by Ralph Kimbro, wherein he seeks to recover for injuries sustained in an automobile accident. He made defendants Robert E. Holladay and his insurer, Employers' Liability Assurance Corporation, Limited.

Plaintiff alleged that on April 28, 1932, defendant Holladay was driving a Chevrolet automobile from Bastrop, La., to Oak Ridge, La., accompanied by petitioner and one W. M. Wadsworth, and, as they reached a point

*Rehearing denied June 4, 1934.

near Oak Ridge, the car driven by Holladay attempted to pass to the right of a school bus traveling in the same direction, when the car and the school bus collided. Defendant's car was overturned and plaintiff was injured. He alleged in his original petition that he was a guest in the Holladay car. In a supplemental petition, he alleged that Holladay was the local manager of the Louisiana Power & Light Company and, before starting to Oak Ridge on business for the company, requested plaintiff, an employee of said company, to accompany him. Plaintiff carried some tools with him to use in replacing any lights or doing any other work found to be necessary in the village of Oak Ridge, which was supplied with electricity by the said Louisiana Power & Light Company.

Defendants filed an exception of no cause of action, which was overruled, then answered, denying any negligence on the part of Holladay, and averred in the alternative that if any negligence was shown on the part of Holladay, said negligence was imputed to plaintiff who was engaged with Holladay in a joint enterprise or adventure at the time of the accident; and further averred in the alternative that, if defendant was negligent, plaintiff acquiesced therein and was guilty of contributory negligence in not protesting to the manner in which the automobile was being operated.

The lower court rendered judgment for plaintiff against the defendant Holladay in the sum of $500, and rejected plaintiff's demands against the insurance company. Defendant Holladay has appealed. There was no appeal taken by plaintiff as to the insurance company. Plaintiff has answered the appeal praying that the award against Holladay be increased to $3,500 and that the judgment in favor of the insurance company be amended so as to dismiss his suit against the insurance company as one of nonsuit.

We are of the opinion that the insurance company is not before us. There was no appeal taken by either the insurance company or the plaintiff from the judgment of the lower court rejecting plaintiff's demands as against the insurance company. Holladay only appealed from the judgment rendered against him. The insurance company cannot be brought into this court by plaintiff answering the appeal of Holladay. Since no appeal was taken from the judgment in favor of the insurance company, it is not concerned with the appeal and would have no knowledge of the answer to the appeal, and to allow it to be brought into this court by such a method could easily deprive it of a right to be heard in this court through want of knowledge that it was before the court, which is apparently the case here, as no argument or brief has been had here from the insurance company.

The exception of no cause of action is based upon the claim that plaintiff's injuries are covered by the Workmen's Compensation Act (Act No. 20 of 1914 as amended) and that his remedies under that act are exclusive. That would be true if he were suing his employer. He is not suing his employer, but is suing the man who was driving the car at the time of the accident. The man driving the car was the manager of plaintiff's employer and they were both at the time on a mission of their employer, the plaintiff, by instruction of his superior officer.

Plaintiff was an ordinary laborer holding the position of lineman for the Louisiana Power & Light Company, subject to and under the superintendency of the manager of said company, the defendant herein. Defendant contends that, under these facts, defendant Holladay could not be classed as a "third person" under section 7 of Act No. 20 of 1914, as amended by Act No. 38 of 1918, and Act No. 247 of 1920, which provide that an employee may claim compensation under the act and still bring suit for tort against a "third person" causing the damage. We are of the opinion that Holladay is a "third person" within the intendment of the act. While it is true that plaintiff, an employee, cannot sue his employer in a tort action, there is no reason why he cannot sue another employee of his employer. The Compensation Law expressly excludes the employer from being sued in tort for the injuries an employee receives through the negligence of another employee. However, it places another burden on the employer by making it liable for compensation in case of any accident arising out of and in the course of the employee's employment. It does not specifically relieve a fellow employee of his liability in tort and, under no circumstances, does it make a fellow employee liable for compensation. There is no contractual relation between the two employees and no reason, we can see, for exempting one employee from liability for his torts causing damage to another employee.

Article 2315 of the Revised Civil Code provides: "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it."

The liability of the tort-feasor is fixed by this law, and the fact that the party injured is an employee of the tort-feasor's employer who is obliged to compensate him to the extent and manner prescribed by the compensation statute, and as agreed between the employer and employee, does not change the duties and obligations of the one committing the tort. The contractual relationship existing between the employer and his employee, who is injured and damaged through the fault of a fellow employee, has nothing whatever to do with the injured employee's right to recover from his fellow employee who committed the tort.

We have been cited to no decisions of this state on the question presented here, and have found none. However, we find the rule we have above adopted to be in line with the decisions of the following states: Missouri, Wisconsin, New York, New Jersey, Michigan, California, and Pennsylvania. See Wallace v. Pac. Elec. Ry. Co., et al., 105 Cal. App. 664, 288 P. 834; Churchill v. Stephens, 91 N. J. Law, 195, 102 A. 657; Judson v. Fielding, 227 App. Div. 430, 237 N. Y. S. 348, 354; Zimmer v. Casey, 296 Pa. 529, 146 A. 130; McGonigle v. Gryphan et al., 201 Wis. 269, 229 N. W. 81; Sylcox v. New York Lead Co., 225 Mo. App. 543, 38 S.W.(2d) 497, 502.

We quote from Judson v. Fielding, above cited, and approve the reasoning therein: "The right of action to recover damages for injuries resulting in death is secured by the Constitution (article 1, § 18). The amendment providing that the Legislature might enact laws for compensation for injuries to employees or for their death resulting from injuries without regard to fault as a cause thereof (article 1, § 19), by its terms, permitted the Legislature to furnish a remedy through compensation exclusive of all other rights and remedies in such cases. It is ancient law that the servant is liable in damages for his own tortious acts, even though at the time he was engaged in the work of his employer. Murray v. Usher, 117 N. Y. 542, 547, 23 N. E. 564. We find no intent or purpose in the statute to absolve any but the employer from liability in a civil action for damages caused by his own wrong. Rights long existing should not be taken away except by a statute where the purpose to do so is clear. The employer has not been sued, and the coemployee should be held liable unless the right to maintain an action against him is forbidden by positive statute. To hold that a fellow servant should under no circumstances be liable to another for dam-ages resulting from a negligent or willful act occurring in the course of their common employment would be fraught with highly dangerous consequences and would remove in a large measure the restraint of personal responsibility of the employee for his acts. We think that the most rational interpretation of the statute is to hold that the Legislature did not intend to require an election of remedies in the case of coemployees."

We therefore conclude that the exception of no cause of action was correctly overruled by the lower court.

The testimony shows that on the day of the accident, defendant Holladay was preparing to go from Bastrop to Oak Ridge on a mission of his employer, for which he was general manager, and that he requested plaintiff, a lineman for said company, to go with him. Holladay had supervision and control over plaintiff and a request from him amounted to an order, which was obeyed by plaintiff, who gathered up his tools and placed them in the car owned and driven by Holladay. Plaintiff carried his tools in order to perform whatever work he might find to be needed in Oak Ridge, such as replacing lights, etc. In the car with Holladay was one Wadsworth, riding on the front seat with him, and plaintiff was on the back seat. Holladay traveled at his usual rate of speed on the way to Oak Ridge, which was from 45 to 55 miles per hour. As they neared the village of Oak Ridge, there was a school bus in front of them traveling in the same direction. The road at this point was straight for about 1½ miles and the bus was seen a long way ahead. It was traveling near the center of the road and, when defendant's car was several hundred feet from it, the bus pulled off to its left for the purpose of turning into a narrow road which left the highway on the bus driver's right side. The bus was extra long, the bridge leading into the side road was narrow, therefore necessitating the bus to make a wide turn in order for the rear wheel to get onto the bridge. When defendant saw the bus pull to its left, he ceased feeding gas to his car and allowed it to run of its own momentum until near the bus, at which time the bus was cut sharply to the right, and defendant, realizing that he could not stop and prevent the collision, gave the gas to his car and attempted to speed by on the right side of the bus. The result was that the bus ran into the side of defendant's car and caused it to turn over several times. When defendant started to slow down his car, he was traveling approximately 55 miles

per hour and had reduced his speed to approximately 45 miles per hour, when the bus cut to the right, when he speeded up again. Defendant, in attempting to pass the bus from the right side, was grossly negligent. His explanation of his action is that he thought the bus had pulled over to the left of the road to unload passengers. Even though that had been true, which was not, it was incumbent upon defendant to have reduced his speed and have his car under such control as to be able to stop in a very short distance in case of an emergency. It was actionable negligence for defendant to pass the bus on its wrong side of the road and at such a speed as he was traveling at the time, and his negligence was the proximate cause of the accident.

■■ Defendant contends that plaintiff cannot recover for the reason that plaintiff and defendant were on a joint enterprise and that defendant's negligence was imputed to plaintiff. There is no merit in this defense. The defense of joint enterprise applies only where it is shown that each occupant of the automobile had as much interest in the purpose of the enterprise as the other, and that each had the right to control the movements of each other respecting matter. Chanson v. Morgan's L. & T. R. R. & S. S. Co., 18 La. App. 602, 136 So. 647.

In Lorance v. Smith, 173 La. 883, 138 So. 871, 875, the court said: "We do not think this was a joint enterprise or a joint adventure as that term is used in law, because it does not appear that the occupants of the car had equal rights to control the operation of it. In the case of Lawrason v. Richard, 172 La. 696, 135 So. 29, 31, this court held, to quote from the opinion on rehearing: 'There is no joint adventure in the sense that the occupant of an automobile is equally liable with the driver unless there be also equal right to control the operation of the automobile,' citing 42 C. J. 1179, § 957; Berry on Automobiles (6th Ed.) § 644."

It is certain in this case that plaintiff had no control over the operation of the automobile. He was riding with his superintendent in a car owned and driven by him, and under orders from him.

The last defense that was made in the alternative is that plaintiff was guilty of contributory negligence in that he did not protest as to the speed and manner in which defendant was operating the car. Plaintiff testified that when the car pulled to the left of the road, he said: "What is that fellow going to do up yonder? Stop, turn off or what?" And again, just before the accident, he hollered: "Look out!"

■■ Defendant and Wadsworth, who was on the front seat, testified that they only heard plaintiff when he hollered, "Look out!" Regardless of whether he protested or not, we think he is entitled to recover. He was riding on the back seat of the car which was owned and driven by defendant, who was the manager of plaintiff's employer, and defendant was under his supervision. In a similar case, viz., Hogan v. New Orleans Pub. Service, Inc., 16 La. App. 637, 131 So. 756, 757, 132 So. 425, the court said: "It seems to us that for Hogan to have attempted to direct the chauffeur of the Studebaker automobile, from the back seat, with Mr. Lehon, the president of the corporation and owner of the automobile, sitting beside the chauffeur on the front seat, would have been presumptuous and insubordinate."

It would have been most presumptuous in this case where the manager was actually driving his own car. Furthermore, when defendant stopped feeding gas to the car and started to slow up, plaintiff was justified in believing that he was going to bring the car under control, and after defendant began speeding again, there was little time for plaintiff to protest or to do more than he did, which was to holler, "look out!" Defendant has the burden of establishing contributory negligence and has failed.

■ Plaintiff prayed for damages in the following sums:

Bruises, contusions to head, arms, legs, and body, $500.

Sacro-lumbar sprain of permanent nature, $1,000.

Torn ligaments in right ankle, of permanent nature, $3,000.

Pain, suffering, and shock, $1,500.

Loss of earning capacity, $3,500.

On the afternoon of the accident plaintiff was taken to the office of Drs. Garnier and Poimboeuff, and Dr. Poimboeuff testified that plaintiff was complaining of pain all over his body, especially in the right ankle, right shoulder, and the lower part of his back. He had general body contusions and a puncture wound in his right shoulder, the back part of his right shoulder, and a badly swollen right ankle. An X-ray examination disclosed the ankle not to be broken, but badly sprained. He also had a sacro-lumbar sprain and was very tender over this area and remained that way for some time after the accident. Plaintiff was treated by these doc-

tors for several weeks and they have seen him on numerous occasions since when he was complaining of his back and ankle.

Plaintiff was confined to his home for a period of about ten days, then walked on crutches for several weeks, and then with a cane until he went back to work 60 days after the accident. He was paid his regular salary during the entire time he was away from work and has been working ever since, without any reduction in wages. He has performed the same work he did prior to the accident. Plaintiff claims that his back and ankle still pain him and make his work as a lineman more dangerous, due to the fact that when on a pole his entire weight is on his back, being supported by a belt around his back and the pole. We are satisfied that plaintiff has lost no wages on account of the accident. Since he has been performing his regular work for about fifteen months prior to the trial of this suit, we are sure he has no permanent injuries, although he may be somewhat inconvenienced due to the pain he claims to have at times while walking. The injuries to his shoulder and the bruises and contusions on the body have all long since healed. The only damages to which he is entitled are for pain and suffering, as his doctors' bill was paid by his employer, who has not intervened in this suit. There can be little doubt that plaintiff suffered considerably, and we think the amount awarded him by the lower court is insufficient to do justice in the case, and that an award which will do justice to all parties is one for $1,000.

It therefore follows that the judgment of the lower court is amended by increasing the amount of the award in favor of plaintiff and against the defendant Robert E. Holladay from the sum of $500 to $1,000, and, as amended, that the judgment of the lower court be affirmed, with costs.