**YOUNG v. STAMAN et al.**

No. 6179.

Court of Appeal of Louisiana. Second Circuit.

Nov. 29, 1940.

Rehearing Denied Jan. 13, 1941.

Robert Roberts, Jr., Blanchard, Goldstein, Walker & O'Quinn, and Geo. Conger, all of Shreveport, for appellant.

Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

HAMITER, Justice.

The controversy presented by this appeal is between plaintiff, L. Frank Young, and third opponent, the Arkansas Louisiana Gas Company.

The suit was commenced on August 13, 1939, by the said L. Frank Young for the purpose of obtaining a partition by licitation of the Northeast Quarter of Section 8, Township 16 North, Range 9 West, Bienville Parish, Louisiana, with improvements thereon, in which he owned an undivided interest. Impleaded as defendants and duly cited were his co-owners.

As no appearances were made by the defendants there was judgment on confirmation of default ordering the property's sale and the effecting of the desired partition. The court further decreed that out of the proceeds obtained, after the payment of costs and taxes, the said plaintiff be paid the amount of his interest, which was fixed at 259/480ths.

Advertisement of the property followed; but before the date of the scheduled public auction the said Arkansas Louisiana Gas Company filed in the cause a petition of third opposition. Therein it averred that the interest of the said plaintiff, L. Frank Young, in the property: "* * * is burdened with that certain oil, gas and mineral lease executed by S. L. Carter for a primary term of ten years, in favor of Arkansas Louisiana Gas Company, on November 6, 1935, which oil, gas and mineral lease is recorded in Book 105 at Page 73 of the oil and gas records of Bienville Parish, Louisiana, to the extent of 7/24ths of the entire undivided interest in the said tract, for the reason that the said plaintiff, L. Frank Young, did acquire 7/24ths interest in said property through chain of title from one S. L. Carter, who, while record owner of an undivided 7/24ths interest in said property,

did execute in favor of Arkansas Louisiana Gas Company the above described lease; said lease is presently in full force and effect as to 7/24ths interest in the said property, all obligations of the lessee provided thereunder having been met, including the payment of annual delay rentals to the original lessor and his successors, including L. Frank Young."

Third opponent further averred:

"That the legal effect of the partition of said property by licitation, unless purchased by said. L. Frank Young, will be to extinguish said lease; and that your petitioner is entitled to have the value of its lease hereinabove described separately appraised and the proceeds of the partition sale, * * * to the extent of the value of your petitioner's lease, * * * paid to Arkansas Louisiana Gas Company."

The opposition petition contains no allegations showing that development of the land for oil, gas or mineral purposes has been effected or attempted.

The district court, in an ex parte order and as prayed for by third opponent, directed a separate appraisement of the lease; and it instructed the Sheriff of Bienville Parish to retain in his hands, from the proceeds of the partition sale and subject to further orders, an amount equal to the appraised value of the lease.

Third opponent, in its petition, further prayed for judgment against plaintiff in the sum of the lease's value and that the sheriff be ordered to pay that amount to it out of such proceeds.

The property was adjudicated at public auction on November 15, 1939, pursuant to the aforementioned advertisement, to Sylvian W. Gamm. The adjudicatee was not one of the co-owners.

Seven days later plaintiff, L. Frank Young, through appropriate pleadings, excepted to the petition of third opposition as disclosing neither a cause nor a right of action. The district judge, after due consideration, concluded that the exceptions were well founded; and he rendered judgment sustaining them, dismissing the petition of third opposition, and ordering that the retained proceeds be paid to plaintiff. From that judgment third opponent is prosecuting this devolutive appeal.

The jurisprudence of this state, in force and effect at the time of the holding of the partition sale on November 15, 1939, seems to sustain the contention of exceptor Young that the adjudication to Gamm extinguished the undeveloped oil, gas and mineral lease, and that third opponent had no further interest in the tract of land.

The Supreme Court remarked in Spence, et al. v. Lucas, 138 La. 763, 70 So. 796, 799, that:

"The rule is settled that acts entered into by one of the coproprietors on an undivided object are subordinate to the result of a partition. And, when the property leased is sold to effect the partition, the title will pass free of the lease."

The quoted doctrine still prevailed in this state in May, 1940, as appears from the reported opinion of Amerada Petroleum Corporation v. Reese, et al., 195 La. 359, 196 So. 558.

It is true, as pointed out by third opponent, that in Liles v. Barnhart, 152 La. 419, 93 So. 490, the court ordered a separate appraisement of a lease affecting an undivided interest in a tract of land sought to be partitioned by licitation. The Supreme Court, however, had occasion to consider that decision in Bickham v. Pitts, et al., 185 La. 930, 171 So. 80, 82, this being a suit to partition by licitation a 40 acre tract of land that was burdened with outstanding mineral interests granted by some of the co-owners to third persons. In affirming the trial court's decision overruling an exception of nonjoinder, which exception was predicated on the failure of plaintiff to cite the holders of those mineral interests and the contention that they were proper and necessary parties, the court discusses Liles v. Barnhart, supra in the following language:

"In that case Barnhart, who claimed to own the entire interest in the land, granted a mineral lease to the Gulf Refining Company covering the land. That company developed the land, took therefrom large quantities of oil, and had placed on the land expensive improvements. Liles, who had previously been recognized by judgment as the owner of a one-fifth interest in the land, sued for a partition thereof by licitation and for his part of the value of the oil, making the oil company a party defendant, which was proper under the circumstances. That case is different from this, in that the lessees here have not developed the land for oil or gas and have not placed thereon any improvements whatever."

The holding in the Bickham case, in the above stated respect, was referred to approvingly in Amerada Petroleum Corpora-

tion v. Reese, supra [195 La. 359, 196 So. 563]; and the court in the latter case, in answering the complaint of the plaintiff mineral holder that it had not been made a party to the attacked partition proceeding, said that: "* * * it (plaintiff) took a lease from some of the co-owners in indivision without the consent of the others, knowing (as stated in the case of Spence v. Lucas, supra) 'that the property might be judicially partitioned by licitation, and that the lease would fail if the property was sold to a third person. In that event the contingency will have happened; the lease will become impossible of execution; and it will cease to exist as to the land.' "

As the land in the instant case has had no development for oil, gas or other minerals under the lease in question, it must be concluded, in view of the discussed jurisprudence, that Liles v. Barnhart, supra, is inapplicable.

Third opponent, in aid of its claim, also relies on the provisions of Act 336 of 1940; which, as stated in the title, purposes:

"To amend and re-enact Article 741 of the Civil Code so as to protect the rights of all owners of mineral interests in lands sought to be partitioned by licitation; to define the term 'mineral interests'; and to provide who are the necessary parties to such proceedings, and the manner and procedure for appraisement of the property to be sold, and distribution of its proceeds equitably among all interested parties."

It is to be noted that this statute was not enacted until many months after the occurrence of the partition sale. Assuming for the sake of argument, and only for that purpose, that it was designed to affect factual situations like the one under consideration, the question arises: Does it operate retrospectively so as to govern the instant case?

A general rule of statutory construction in this state, as announced in Civil Code Article 8, is that a law can have no retrospective operation, but can prescribe only for the future. Statutes which are purely remedial in their nature, however, are not subject to that rule of construction, unless their language plainly shows a contrary intention, and they may operate retrospectively. Paulsen v. Reinecke, 181 La. 917, 160 So. 629, 97 A.L.R. 1184; Geddes & Moss Undertaking & Embalming Company, Ltd. v. First National Life Insurance Company, 189 La. 891, 181 So. 436. "A remedial statute is one which confers a remedy and a remedy 'is the means employed to enforce a right or redress an injury.' " Paulsen v. Reinecke, supra [181 La. 917, 160 So. 630, 97 A.L.R. 1184].

Before the enactment of the statute under consideration, the holder of an undeveloped oil, gas or mineral lease affecting only an undivided interest in a tract of land could not participate, as above shown, in the proceeds realized from a partition sale of the land. The servitude became nonexistent for all purposes by virtue of the adjudication. If by reason of the mentioned statute a lessee is now entitled to obtain from the proceeds of such a sale a sum equal to the appraised value of the lease, such statute is not purely remedial in nature; it grants a substantive right not previously enjoyed. Hence, under the above stated general rule, it is applicable only to partitions by licitation occurring subsequent to its effective date; and the sale in the instant case cannot be considered in the light of the provisions thereof.

The judgment in our opinion is correct; and it is affirmed.