BAHAM v. EAGLE INDEMNITY CO.

Civil Action No. 2353.

District Court, W. D. Louisiana,
Opelousas Division.

Aug. 9, 1948.

Edward Dubuisson and James G. Dubuisson, both of Opelousas, La., for plaintiff.

Davidson & Davidson and J. J. Davidson, Jr., all of Lafayette, La., for defendant.

Alex L. Andrus, Jr., of Opelousas, La., for Intervenor Protective Indemnity Co.

DAWKINS, District Judge.

Plaintiff sues in tort the insurer alone of an alleged building contractor, one Sidney C. Naquin, doing business as Naquin Construction Co., alleging in substance, as follows:

Said Naquin, at the time of plaintiff's injuries, was "engaged in the renovation and reconstruction of a building * * * in the city of Opelousas, Louisiana * * * for Main Street Realty Co.," owner; that plaintiff was an employee of Hollier Plumbing Company "which had a contract *with the owner*" of the building to do the plumbing work on said job. The circumstances of the accident and injury are described as follows:

"That on said date about Three-Thirty o'clock P.M. (3:30 P.M.) plaintiff, who was working on the second floor of said building in the course and scope of his employment as a plumber's helper on the said job, was walking on a plank, which had been placed by the assured through his servants, agents and employees across an open space between two beams of the said building to be used by the workmen variously engaged on the said construction job, including plaintiff, when the said plank which measured about six inches by four inches by three-fourths of an inch (6" x 4" x ¾") slipped from the place where the assured had put it as aforesaid, causing plaintiff to fall about thirty feet (30 ft.) to the ground below;

"That the cause of the said accident was the assured's failure securely to fasten the said plank in accordance with the usual

practice on such a construction job, which failure constituted gross and flagrant negligence and was the sole proximate cause of the said accident."

He alleges injuries to the extent of $88,380, but asks judgment against the insurer for only the maximum permitted under the policy, $20,000.

Defendant has moved to dismiss and for summary judgment upon the following grounds:

(1) The facts alleged fail to state grounds for relief, in that, the complaint on its face, shows that plaintiff assumed the risk.

(2) The right of action, if any, must be under the Workmen's Compensation Law of the state. Act La.No. 20 of 1914, as amended.

Defendant took the testimony of plaintiff under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, from which it appeared that the latter had started working on the job the day before the accident, and had gone to the second floor and worked over the boards, which he alleges gave way, and caused him to fall about noon of the second day. The space covered by the loose boards was 10 x 10 feet, and was left unfinished to permit installation of the plumbing. The planks, 1 x 8 inches, rested on joists 30 inches apart, laid diagonally, and he had gone over them some "six or seven times" before he fell. The planks were laid by the carpenters working on the building under the general contractor, to be used by the plumber and his employees. Nothing appears to indicate that the latter had anything to do with their placing or construction. Apparently, they were not nailed in place, and when plaintiff reached "about midways" of the scaffold "it twisted some kind of way" and he fell. "The planks ran on the forty-five (meaning probably, diagonally). That is the way that this plank ran across the ceiling joists."

■ There are many dangers in the building trade, which must necessarily be assumed, because of the very nature of the work. Here, however, if it was either a part of the contract, or the custom and practice of the building trade, that carpenters working for the general contractor should build such a scaffold or platform, they were required to use reasonable care not to create a trap which could be expected to give way under the weight of men carrying whatever tools or materials that might be necessary for installing the plumbing. If it were true that these planks were 1 x 8 inches and were laid on joists 30 inches apart, it is entirely possible that this might be shown to be an inadequate or unsuitable footing for the work to be done over it. Without temporary nailing it might also slip or slide, causing a plank to be left without support of a joist. Unless conditions were such that plaintiff or those working as he did could readily see that the distance between joists was so great, or that the planks had not been temporarily nailed, or that the ends had slipped off the joist, it would seem that he had the right to rely upon the contractor and his employees, the carpenters, doing a reasonably safe job in building this platform. The facts alleged do not disclose on the face of the complaint such apparent danger as would be immediately discovered; nor that such a situation was unavoidable in the common practice of the trade and could not readily have been prevented by ordinary care. Simmons v. Doullut & ·Ewin, La. App., 145 So. 708; 35 Am.Juris. 733. Verbo "Master and Servant."

Does the Workmen's Compensation Law apply under the facts alleged?

■ The complaint charges that his employer, the plumbing company, had a contract with the owner, and not as the subcontractor of Naquin, the general contractor. If so, there was no contractual relationship between the two of employer and employee, and hence neither the plumbing company nor plaintiff could be said to be in that category. No contracts are annexed to the complaint; neither is the policy; but it is alleged that defendant "contracted to pay on behalf of the insured all sums up to the amount hereinafter sued for, which the insurer might become obligated to pay by reason of liability imposed upon him by law for damages because of bodily injury sustained by any person or persons, including plaintiff, caused by the negligence of the insured."

In such circumstances until the facts are developed, it is impossible to say as a matter of law that plaintiff's action falls under the Workmen's Compensation Act. See Kimbro v. Holladay, La.App., 154 So. 369.

The motion to dismiss and for summary judgment will be overruled.

Proper decree should be presented.