283 So.2d 733 (1973)
Mrs. Patricia FONTENOT, Individually, etc.
v.
INSURANCE COMPANY OF NORTH AMERICA et al.
No. 53270.
Supreme Court of Louisiana.
September 24, 1973.
Rehearing Denied October 26, 1973.
William B. Baggett, Baggett, Hawsey, McClain & Morgan, Lake Charles, for plaintiff-applicant.
Thomas M. Bergstedt, Scofield, Bergstedt & Gerard, Lake Charles, for defendants-respondents.
M. Truman Woodward, Jr., James K. Irvin, Milling, Benson, Woodward, Hillyer & Pierson, New Orleans, for amici curiae.
BARHAM, Justice.
This is a wrongful death action under Civil Code Article 2315 brought by the widow and three children of Victor L. Fontenot, who was killed in an industrial accident on July 6, 1971. At the time Fontenot was employed as a conveyor operator for Olin Corporation near Lake Charles, Louisiana. He was cleaning a sodium nitrate tank where it entered a bagging machine, when a co-employee, Dwight D. Hazell, engaged the bagging machine. The machine soon became clogged. Upon investigation Hazell felt the shoe and foot of Fontenot.
The defendants are the bagging machine operator, decedent's immediate supervisor the front line foreman, the superintendent of the sodium nitrate division, the assistant plant manager, the plant manager, the company's safety director, and their liability insurer, Insurance Company of North America. The plaintiffs alleged that these executive officers and employees commenced the death-causing bagging operations when they knew or should have known that the decedent employee was in a position of danger.
The defendants admitted they owed Fontenot a duty to provide him a safe place to work, to inspect, supervise and instruct him on how to avoid injuring himself; they admitted that the corporation had delegated these functions to its officers and employees; they further admitted Fontenot's death was due to unsafe working conditions, improper or inadequate supervision and failure to instruct him to avoid injuring himself. However, they contended the exclusive remedy was under the workmen's compensation statute.
The defendants filed a motion for a summary judgment, motion to strike, and exception of no cause of action. The motions were denied, but the exception of no cause of action was sustained by the trial judge in favor of all the defendants save Hazell, the bagging machine operator, on the basis of Maxey v. Aetna Casualty & Surety Co., 255 So.2d 120 (La.App. 3d Cir. 1971). The Third Circuit Court of Appeal, one judge dissenting, affirmed the dismissal as to these defendants relying on Maxey, supra, and Dulaney v. Fruge, 257 So.2d 827 (La.App. 3d Cir. 1972), 271 So.2d 323 (La.App. 3d Cir. 1972). We granted cert. 273 So.2d 295 (1973).
We have this day overruled the Maxey and Dulaney line of decisions in the case of Canter v. Koehring Co., La., 283 So.2d 716, insofar as they hold that the duties imposed *734 under an employment or agency relationship are exclusively owed to the employer or principal and are irrelevant in determining whether a legal duty is owed to a third person (which in this sense includes a co-employee) by the officer, agent, or employee. We have instead adopted the opposing lien of jurisprudence represented by Johnson v. Schneider, 271 So.2d 579 (La.App. 1st Cir. 1972) and Adams v. Fidelity & Casualty Co. of New York, 107 So.2d 496 (La.App. 1st Cir. 1958).
Accordingly, for the reasons set forth in our decision in Canter v. Koehring Co., the decisions of the trial and intermediate courts dismissing the present suit are reversed, and the case is remanded to the district court for further proceedings consistent with the views expressed in said decision of this court. The defendants-appellees are to pay all costs of appeal and of the review in this court; all other costs to await final determination of these proceedings.
Reversed and remanded.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
Victor L. Fontenot met his death in an industrial accident on July 6, 1971 while employed as a laborer by Olin Corporation near Lake Charles, Louisiana. His widow instituted this suit for herself and on behalf of three minor children issue of her marriage with the deceased. The action is for wrongful death under Article 2315 of the Civil Code and the general tort law of this State.
Defendants are decedent's immediate supervisor, the supervisor of the immediate supervisor, the assistant plant manager, the plant manager, the company's safety director and a coemployee who was operating the machine which brought about Fontenot's death, all of whom are named; plus such "unknown" executive officers, directors, stockholders, supervisory personnel and employees whose negligence contributed to the occurrence of the accident. Insurance Company of North America is joined as the insurer who provides defendants with coverage against tort liability. In brief counsel advises that no defendant is insured for the first $100,000 liability.
All defendants and the insurer are sought to be held individually, jointly, severally and in solido for damages amounting to $712,499.24. Defendants filed motions for summary judgment and to strike, and an exception of no cause of action. The exception of no cause of action was sustained by the trial court, and affirmed on appeal to the Third Circuit, as to all defendants except the coemployee operating the machine which caused Fontenot's death; he filed no exceptions. La.App., 271 So.2d 323. We granted cert. 273 So.2d 295.
I dissent in this case for the reasons fully stated in Canter v. Keohring Company, et al., 283 So.2d 716 on the docket of this Court handed down this day.