H. CHARLES GAUDIN, Judge Pro Tem.
This is an appeal from a judgment dismissing an executive officer as a party defendant from a Civil Code Article 2315 tort action instituted by an injured corporate employee. The Trial Judge maintained an exception of no cause of action.
The appellant-plaintiff, Jerry E. Grubb, was ascending a stairway when one of the steps allegedly collapsed under him, causing a fall.
We hold that in his original petition and in subsequent amended pleadings, Grubb did plead a cause against the executive officer, Frank B. Clayton, and that he (Clayton) should remain in this litigation as a party defendant.
For the purposes of an exception of no cause of action, the Trial Court must accept as true the allegations contained in the petition.
In the original petition filed on September 9, 1969, Grubb did not name Clayton, but general allegations of negligence were made against corporate officers and directors, referred to in the pleading as “Joe Doe” and “John Doe”.
Grubb said that corporate officers and directors:
(1) Failed to warn him of an unsafe condition in the stairway;
(2) Knowingly allowed the unsafe and dangerous condition to exist;
(3) Failed to have the unsafe condition corrected;
(4) Failed to provide a safe place to work;
(5) Failed to inspect the stairway; and
(6) Failed to use due care.
In his first supplemental and amending petition, filed on January 18, 1972, Grubb reiterated his allegations of negligence and designated Clayton as the personnel manager of American Can Company, where Grubb was employed, and named him, along with numerous others, as a party defendant. In Grubb’s second supplemental and amending petition, filed on March 3, 1972, he alleged that American Can Company had a safety committee, which had made reports to various executive officers about the defective stairway. These reports, it is alleged, were disregarded.
Clayton was not, however, specifically named in this pleading.
In a fourth (and final) supplemental and amending petition, Grubb contended, in paragraph XIX, that:
“ . . . Frank Clayton and the other officers ... all had the authority to act and to correct the defective condition in the said steps and owed a duty to all of the employees, including the plaintiff, to correct the rotten and dangerous steps involved herein . . . ”
Prior to very recent Louisiana Supreme Court decisions, specifically Canter v. Koehring, 283 So.2d 716, and Fontenot v. Insurance Company of North America, 283 So.2d 733, there was a conflict between the various circuit courts of appeal with regard to the precise duty owed by executive officers, agents and/or employees to fellow employees.
The Court, in the Canter case, set forth the following criteria for imposing individual liability:
(1) The principal or employer owes a duty of care to third persons, including employees;
(2) This duty can be delegated by the principal or employer to executive and supervisory officers and other employees ;
*887 (3) The executive or supervisory officer or other employee may breach this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the officer or employee fails to discharge the obligation with the degree of care requited by ordinary prudence, whether such failure be due to malfeasance, misfeasance, or nonfea-sance. This failure can result from an officer or employee not on actual knowledge of the risk as well as from a lack of ordinary care in discovering and avoiding such risk.
(4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff’s damages. If the defendant’s general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its nonperformance or mal-performance and has nevertheless failed to cure the risk of harm.
As Justice Frank W. Summers pointed out in his Canter dissent, this was the first time the Supreme Court held that a supervisor or fellow employee of the injured litigant may be a “third person” within the meaning and scope of Section 1101 of the Workmen’s Compensation Act.
Justice Summers again dissented in Fon-tenot, but once more the majority of the Court specifically overruled the line of cases generally restricting an injured employee to relief under the Workmen’s Compensation statutes.
In the instant case, we are not saying, of course, that Grubb will or should prevail. We are stating that his allegations, in the wake of the Canter guidelines, do procedurally entitle him to proceed against a manager who “ . . . had the authority to act and to correct the defective condition . . . the rotten and dangerous steps involved herein . . . ”
We therefore remand this matter to the District Court for further proceedings consistent with these views, with defendant-appellees to pay costs of this appeal, all other costs to await a final determination.
Remanded.