Morton M. Z. Lynn, J.
This action to recover property damages as the result of an automobile accident was tried by the court without a jury.
The evidence clearly shows that plaintiff was the third or fourth car stopped in a line of traffic, on his own right-hand side, facing east, waiting for a red light to change. The defendant, traveling south, entered the intersection on a green light, turned right in a westerly direction, crossed the center line of the road and struck the plaintiff’s vehicle, causing damages in the sum of $540.02.
*966 The court has no doubt of the defendant’s negligence (see Vehicle and Traffic Law, § 1120) and the plaintiff’s freedom from contributory negligence, and would have no problem were it not for admitted fact that the defendant was not operating a private vehicle, but a truck belonging to the United States Government and was operating it with permission. Whether or not it was being operated for a governmental purpose was not established by the evidence.
If the other requirements of the act of Congress are met, title 28 (§ 2679, subd b) of the United States Code provides immunity from tort liability to an employee of the Federal Government "acting within the scope of his office or employment”, and the remedy to proceed against the Federal Government is exclusive. The Federal Government does not become liable merely from its ownership of the vehicle, since it is not subject to the provisions of the section 388 of the Vehicle and Traffic Law. Its sovereign immunity has been waived only to the extent of the act of Congress which does not fix liability on the Government merely from ownership of the vehicle.
Whether or not the act comes into play and whether or not its requirements are met are matters of affirmative defense (CPLR 3018, subd [b]), and the burden of sustaining such a defense would be upon the party pleading it. No such affirmative defense was pleaded and the defendant offered no evidence to sustain it. The evidence involving the Federal Government came as incidental matter while the plaintiff was testifying, and went no further than showing that the vehicle Mr. Mott was driving was a Post Office truck, concededly operated with the owner’s permission.
The plaintiff offered in evidence a letter from the Law Department of the United States Postal Service, dated March 13, 1972, which stated among other things that at the time of the accident, Mr. Mott was not operating the vehicle as a postal employee within the scope of his employment. While the letter was excluded as hearsay, it nevertheless explains the reason counsel for the defendant properly did not plead the affirmative defense, since he could not have proved it.
Having failed to plead or prove any facts upon which to base a finding that the defendant driver was operating in the scope of his employment, the immunity of the Federal act does not reach him. The defendant remains liable for his own negligence (Murray v Usher, 117 NY 542).
*967 Judgment for the plaintiff in the sum of $540.02 with costs.