360 So.2d 898 (1978)
Calvin BOSTICK, Plaintiff-Appellant,
v.
INTERNATIONAL MINERALS & CHEMICAL CORPORATION, Commercial Solvents Corporation, M. W. Kellogg, Inc., Ford Bacon & Davis, Continental Insurance Company, Aetna Casualty & Surety Company, Royal Globe Insurance Company, Frank Patterson, Ralph Stifle, Claude Stringer, Paul Easom and Wade Russell, Defendants-Appellees.
No. 13577.
Court of Appeal of Louisiana, Second Circuit.
June 5, 1978.
*899 Cave, McKay & Poirier, Baton Rouge, by Donald G. Cave, Baton Rouge, for Calvin Bostick plaintiff-appellant.
Davenport, Files, Kelly & Marsh by Thomas W. Davenport, Jr., Monroe, for International Minerals & Chemical Corp., et al., defendants-appellees.
Hudson, Potts & Bernstein by Jesse D. McDonald and Henry J. Miltenberger, Jr., Monroe, for Royal Globe Ins. Co., Frank Patterson, Ralph Stifle, Claude Stringer, Paul Easom and Wade Russell, defendants-appellees.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
Plaintiff appeals a judgment sustaining an exception of no cause of action in his executive officer tort suit based upon injuries sustained by him during the course and scope of his employment.
Plaintiff alleges his injuries were caused by the failure of his employer's supervisors and executive officers to provide him with a safe place to work. Plaintiff's job-related injury occurred September 26, 1976. On October 1, 1976, Act 147 of the 1976 Regular Session of the Louisiana Legislature became effective. This act amended R.S. 23:1032 and 23:1101 to eliminate an injured employee's tort cause of action against any officer, director or stockholder, partner or employee of his employer or principal.[1] *900 The trial court held Act 147 of the 1976 Legislature was procedural, remedial, and curative rather than substantive. Because the act was found not to be substantive, it was applied retroactively, eliminating plaintiff's cause of action even though his injury occurred five days before the effective date of the statute.
Plaintiff urges the trial court erred in applying the statute retroactively.
The issue is should the statute be construed as substantive and not subject to retroactive application or is it only procedural, remedial, and curative, and for that reason, retroactive in application?
Our general rule of statutory construction is that a law can prescribe only for the future; it can have no retrospective operation. C.C. Art. 8. This general rule excepts those instances where the statute specifically provides for retroactive application or where the statute does not affect a substantive right, but is only procedural or remedial. Young v. Staman, 200 So. 187 (La.App., 2d Cir. 1940); American Finance Corporation of Coushatta, Inc. v. Small, 250 So.2d 768 (La.App., 2d Cir. 1971).
In Shreveport Long Leaf Lumber Company v. Wilson, 195 La. 814, 197 So. 566 (1940) a statute designed to change the method of maintaining the viability of a materialman's lien beyond one year after recordation from the filing of suit to reinscription of the lien was held to be remedial in nature and subject to retroactive application.
In Brown v. Indemnity Insurance Company of North America, 108 So.2d 812 (La.App., 2d Cir. 1959) the court found a statute providing an additional venue for a workmen's compensation suit was procedural in nature and it was applied retroactively.
In Young v. Staman, supra, it was held a statute which gave the owner of a mineral lease a right to participate in the proceeds of a sale of immovable property by licitation granted a substantive right. The decision distinguished a substantive statute from a remedial statute by pointing out that a remedial statute is one which confers a remedy and a remedy is employed to enforce a right or redress an injury.
In Manuel v. Carolina Casualty Insurance Company, 136 So.2d 275 (La.App., 3d Cir. 1961), the court interpreted a statute which amended C.C. Art. 2315 to give a cause of action to major children for the wrongful death of their parents. The court concluded the statute was substantive in nature as it provided a cause of action where before there had been none, and for that reason it was not subject to retroactive application. The court recognized that a statute which is remedial or procedural and which also has the effect of making a change in the substantive law must be construed to operate prospectively only.
In Walker v. Johns-Mansville Products Corporation, 311 So.2d 506 (La.App., 4th Cir. 1975), a statute amending the Louisiana Workmen's Compensation Act to provide that an employee was entitled to recover compensation benefits where his disability was related to an occupational disease was found to be substantive and not retroactive in application.
When our Workmen's Compensation Act was passed in 1914, an employee's cause of action in tort against his employer, which previously existed under the provisions of C.C. Art. 2315, was removed and in substitution for it he was given his right to the benefits under the Workmen's Compensation Statute. Footnote 1.
In Kimbro v. Holladay, 154 So. 369 (La.App., 2d Cir. 1934), decided twenty years following passage of the Louisiana Workmen's Compensation Act, an employee, who was injured while riding as a passenger in a car negligently operated by his supervisor, was recognized to have a cause of action against his supervisor under the provisions of C.C. Art. 2315:
"* * * The contractual relationship existing between the employer and his employee, who is injured and damaged *901 through the fault of a fellow employee, has nothing whatever to do with the injured employee's right to recover from his fellow employee who committed the tort." Id. page 371.
LSA-R.S. 23:1032 provides the right to workmen's compensation benefits "shall be exclusive of all other rights and remedies of such employee." This section means workmen's compensation benefits are exclusive of other rights and remedies (i. e., tort cause of action) insofar as they are applicable to the person (i. e., employer) against whom the employee has been granted the right to workmen's compensation benefits.
The court in Kimbro recognized plaintiff had not been given a statutory claim for compensation against his supervisor and therefore concluded 23:1032 did not deprive plaintiff of his tort cause of action against a negligent supervisor. The supervisor was not included as an "employer" against whom plaintiff was deprived of rights and remedies other than workmen's compensation.
LSA-R.S. 23:1101 provides the injured employee retains his cause of action in tort against persons "other than the employer." The statute goes further to clarify that "person other than the employer" shall be referred to as "third person." The meaning of Sections 1032 and 1101 when read separately are discernible, but when read in pari materia, there is no doubt the Legislature intended to leave the employee his tort cause of action against all persons excluding his employer.
In Canter v. Koehring Company, 283 So.2d 716 (La.1973) our Supreme Court refers to a cause of action similar to the one here asserted as one based upon an injury suffered by an employee due to the breach of the duty corporate officers owed to the employee.
In Fontenot v. Insurance Company of North America, 283 So.2d 733 (La.1973), decided the same day as Canter, the court there referred to a cause of action similar to the one here asserted:
"This is a wrongful death action under Civil Code Article 2315. . . ."
The Canter and Fontenot decisions refer to a duty owed and a cause of action, the existence of which have now been eliminated by Act 147 of 1976. This is a substantive result and not procedural, nor remedial nor curative.
Defendants urge the proper way to determine whether a statute is procedural, remedial or curative is to look at the intent of the Legislature which they urge may best be determined by examining the mischief that Act 147 was designed to correct.
The intent of the Legislature was to eliminate an employee's C.C. Art. 2315 cause of action against a co-employee of his employer or principal. The action of the Legislature can be said to be curative or remedial in the sense that it changes a substantive law that the Legislature determined was bad public policy, (i. e., tort suits against co-employees, executive officers). This connotation cannot, however, detract from the fact that the law is substantive because it extinguishes a right and cause of action which previously existed under C.C. Art. 2315 in favor of an injured employee and against any officer, director or stockholder, partner or employee of his employer or principal. For this reason Act 147 of the 1976 Session cannot have retroactive effect.
Our conclusions here are supported by the following appellate decisions which have held Act 147 of 1976 applies prospectively, not retroactively. Green v. Liberty Mutual Insurance Company, 352 So.2d 366 (La.App., 4th Cir. 1977); Billedeaux v. Adams, 355 So.2d 1345 (La.App., 3d Cir. 1978); Guillory v. McClinton, 359 So.2d 223 (La.App., 1st Cir., 1978) and Wilkinson v. Viccinelli, 359 So.2d 634 (La.App., 1st Cir., 1978).
The judgment of the district court is reversed and set aside and the case is remanded, at appellees' costs.
NOTES
[1] Before amendment R.S. 23:1032 and 1101 read:

"§ 1032. The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents or relations . . . ."
"§ 1101. When an injury for which compensation is payable under this Chapter has been sustained under circumstances creating in some person (in this Section referred to as third person) other than the employer a legal liability to pay damages in respect thereto, the injured employee or his dependent may claim compensation under this Chapter and the payment or award of compensation hereunder shall not affect the claim or right of action of the injured employee or his dependent against such third person, nor be regarded as establishing a measure of damages for the injury; and such injured employee or his dependent may obtain damages from or proceed at law against such third person to recover damages for the injury."
As amended R.S. 23:1032 reads:
"§ 1032. The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease . . . ." (emphasis added)
As amended § 23:1101 reads:
"§ 1101. When an injury or compensable sickness or disease for which compensation is payable under this Chapter has occurred under circumstances creating in some person (in this Section referred to as third person) other than those persons against whom the said employee's rights and remedies are limited in Section 1032 of this Chapter, a legal liability to pay damages in respect thereto, the aforesaid employee or his dependents may claim compensation hereunder shall not affect the claim or right of action of the said employee or his dependents, relations or personal representatives against such third person,. . ." (Emphasis added).