|2CRAIN, Judge.
In this action for damages for personal injuries arising from a physical altercation between co-employees of the defendant restaurant, plaintiff appeals complaining of the assessment of comparative fault, and the amount of and computation of damages. After a review of the record we affirm in part, and reverse in part, the judgment of the trial court.
Plaintiff, Manuel Gaines, Jr.[1] was, at the time of this incident on May 21, 1989, em *705 ployed as a kitchen worker at Ryan’s Family Steakhouse in Baton Rouge, Louisiana. Also employed at the restaurant was a cook, Robert Taylor. The two employees worked in the same physical area of the kitchen. As part of Mr. Gaines duties he was required to prepare plates to receive the food and attend to stocking baskets with bread. On the day in question plaintiff had been instructed by the restaurant’s manager, Chris Murphy, to use a certain table in the kitchen for his work duties, but to leave room on this table. In following these instructions plaintiff began to work at the designated table. This action was not acceptable to the cook, Robert Taylor. Taylor complained to the plaintiff that the designated table was Taylor’s work area and he did not want the plaintiff using it. The plaintiff told Taylor to speak to Murphy about this. In response, Taylor began a verbal assault upon Gaines. Taylor thereafter grabbed the bread basket and threw it at Gaines. Gaines threw the basket back at Taylor and the two exchanged words. As plaintiff attempted to pass Taylor, he was grabbed around his throat and thereafter struck in the forehead with a spatula held by Taylor. Plaintiff grabbed a knife and began moving it back and forth during the fight. Both Taylor and Gaines were cut in the fight. Plaintiff sustained a laceration of the forehead and a severed left arm tendon, for which surgery was required. He was treated from the date of this incident until September 26, 1989. Although a second surgery was recommended, | gplaintiff did not undergo this procedure. He was totally disabled from working during the time of his medical treatment. Dr. Johnny Jenkins, plaintiffs orthopedist, evaluated the plaintiff as having suffered a 10% to 15% permanent disability of the left wrist.
Plaintiff filed this suit to recover damages.[2] Defendants reconvened seeking credit for benefits paid. The trial court rendered judgment in favor of plaintiff and against defendants for $30,000 general damages, which was reduced by $12,000 due to the 40% negligence of the plaintiff. The plaintiff was also awarded lost wages of $770, medical expenses of $4,446.45, which was reduced from the $15,000 compensation sum settlement, thus leaving the sum $9,783.55 as the amount awarded to defendants on their reconventional demand.
Plaintiff appeals on the basis of three assignments of error.

Liability

In his first assignment of error plaintiff argues that the trial court erred in finding him 40% at fault, and thereby reducing his general damage award. Plaintiff reasons that his actions were taken in self-defense, as defendant had broken free from the altercation, grabbed a spatula and again pursued him.
We review the trial court’s findings in light of Stobart v. State, Department of Transportation and Development, 617 So.2d 880, at 882 (La.1993) wherein the court stated:
A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” ...
Nevertheless, the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. (Citations Deleted)
It is clear from a review of the record that the trial judge, when faced with a conflict in the testimony between that given by plaintiff, and that given by an eye-witness to the incident, Donald Scott, chose to believe Mr. Scott. In his reasons for judgment the trial judge stated:
|4The Court believes the testimony of Mr. Scott, that is, that Mr. Gaines’ left wrist was not slashed after the two combatants were separated and then Taylor broke loose. I think the injury on the left wrist occurred while they were having their fracas.
Under these circumstances, we cannot say that the trial judge erred in disbelieving the plaintiffs testimony that he acted in self defense, and assessing him with 40% fault. This assignment of error lacks merit.

*706
Damages

In his second assignment of error plaintiff contends that the trial court erred in awarding plaintiff $30,000 general damages. He alleges that this amount is inadequate.
In cases such as this we follow the dictates of Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. den. — U.S. —, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). In Youn, 623 So.2d at 1261, the court stated:
The standard for appellate review of general damage awards is difficult to express and is necessarily non-specific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck [v. Stevens, 373 So.2d 498 (La.1979)] to the present case is that the discretion vested in the trier of fact is “great,” and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
In this case the plaintiff suffered a laceration of the forehead and a laceration of the flexor carpi radialis tendon of the left mid-arm. He was treated in the emergency room on the date of the accident. On that date he was also operated upon by Dr. Johnny Jenkins, an orthopedist, who reconnected the tendon in his arm. Thereafter, plaintiff was released to return home. He was treated by Dr. Jenkins and unable to work from May 21, 1989, until |6September 26, 1989. Plaintiff suffered a 10-15% permanent disability to the wrist.
Under these circumstances an award of $30,000 is reasonable and not an abuse of the trial judge’s vast discretion. We find no merit in this assignment of error.
In his third assignment of error plaintiff alleges that the trial court erred in granting defendants a credit of $9,783.55 against the general damage award.[3] Plaintiff contends that Louisiana Worker’s Compensation Statute, Title 23 Section 1103 is not subject to retroactive application. We agree.
In 1989, prior to its amendment, Louisiana Revised Statute Title 23 Section 1103, read as follows:
In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment.
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
This statute was amended by Act 1989 No. 454, effective January 1, 1990, and reads in pertinent part:
LSA-R.S. 23:1103
(B) The claim of the employer shall be satisfied in the manner described above from the first dollar of the judgment with *707 out regard to how the damages have been itemized or classified by the judge or jury. Such first dollar satisfaction shall be paid from |(;the entire judgment, regardless of whether the judgment includes compensation for losses other than medical expenses and lost wages.
In discussing the retroactivity of this amendment, this court in Roadrunner Motor Rebuilders, Inc. v. Ryan, 603 So.2d 214 at 218 (La.App. 1st Cir.1992), stated:
We have carefully reviewed this issue and find that the 1989 amendment to LSA-R.S. 23:1103, and specifically LSA-R.S. 23:1103 B, cannot be given retroactive effect. Interpretive, procedural, or remedial legislation may be applied retroactively, while substantive legislation applies prospectively only ...
The amendment purports to give the employer the right to reimbursement from the employee’s damage award, regardless of whether the award is classified as an award for pain and suffering. The amendment gives the employer and the compensation carrier the right of reimbursement to funds to which they were previously not entitled. The amendment takes from the employee a right to keep damages for pain and suffering free of the claims for reimbursement by the compensation carrier and the employer. Because the amendment confers new rights and destroys existing rights, it is substantive and cannot be given retroactive effect. (Citations Deleted)
A reading of the judgment in this case indicates that the trial judge did what was prohibited by this court in Roadnmner, namely, the court reimbursed the employer out of the employee’s general damage award, for the compensation benefits it had previously paid. This was error.
Accordingly, we amend the judgment of the trial court to reverse and set aside the award to Ryan’s Family Steakhouse and Liberty Mutual Insurance Company in solido against Manuel Gaines, Jr. for the principal sum of $9,783.55. In all other respects the judgment is affirmed. Parties to this suit shall each pay their respective costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.

. Following the trial of this matter plaintiff died. A motion to substitute parties was filed with and granted 1¾' this court. Plaintiffs currently before the court arc the wife and three minor children of the deceased.

. Plaintiff settled his claim for compensation for the sum of $15,000.

. The sum of $9,783.55 is the amount remaining after the $15,000 compensation settlement is re-duccd by the lost wage award of $770 and medical expense award of $4,446.45.