Dear Mr. Ranatza:
Your request for an opinion concerning the retroactivity of amendments to the Louisiana Crime Victims Reparations Act (La. R.S. 46:1810) has been forwarded to me for research and reply. Specifically, you have asked the following question:
 Is an amendment increasing the maximum amount awarded to victims suffering total and permanent injuries applicable to claims filed and awarded prior to the statutory change?
Resolution of this matter depends largely on whether the amendments to La. R.S. 46:1810(A) may be deemed retroactive. The pertinent statute in this regard is La.C.Cr.P. art. 6, which provides, in pertinent part:
 In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
As a threshold consideration, the amended form of the reparations enactment expresses no legislative intent regarding either its prospective or retroactive application. Therefore, the inquiry focuses solely on the classification of the amendment in light of art. 6.
A widely recognized principle based on art. 6 is that interpretive, procedural, or remedial legislation may be applied retroactively, while substantive legislation applies prospectively only. Gaines v. Ryan's FamilySteakhouse, Inc., 654 So.2d 704, 707 (La.App. 1 Cir. 1994). In the present case, the changes made to La. R.S. 46:1810 must be classified as a remedial law. A remedial statute is one which confers a remedy — which is the means employed to enforce a right or redress a remedy; and such laws may operate retrospectively. Washington Nat. Ins. Co. v. McLemore,163 So. 773 (La.App. 1935), Young v. Staman,200 So. 187 (La.App. 1941). An amendment which allows an administrative agency to award an additional $15,000 to crime victims can only be classified as remedial. Such a statute does not establish new rights nor impose new duties (hence it does not affect a substantive change); and it does not regulate the mode and manner of the court's operation (hence it does not affect a procedural change). Rather, the amendment serves only to adjust and expand an existing enforcement mechanism. Therefore, the change is deemed remedial.
Because the amendment to La. R.S. 46:1810 is characterized as a remedial change, the jurisprudence clearly holds that it should be applied retroactively. The general principle that retrospective effect should not be given to laws applies only to statutes affecting substantive rights, and it has no application where there is involved a remedial statute or provisions which affects not the substantive rights of the parties, but only the remedies which are to be availed of in the enforcement of those rights. State v. Alden Mills, 8 So.2d 98, 100
(La.App. 1942). Furthermore, in Dehan v. Hotel and RestaurantEmployees and Beverage Dispensers, Local UnionNo. 183, 159 So. 637 (La.App. 1935), the court clearly delineated the controlling principle, stating that legislation which only changes the remedy and not any substantive rights has to be given retroactive effect.
Therefore, in the present case, the legislative amendment to the Victims Reparation Act constitutes a remedial change. consequently, the law is required under art. 6 to be applied both retrospectively and prospectively. Notwithstanding this characterization, the retroactivity of the rule cannot be used to overcome the doctrine of res judicata to re-open cases otherwise finally resolved.
Under the provisions of the Louisiana Administrative Procedure Act (La. R.S. 49:950 et seq.), an award determination made by the Victims Reparations Board is regarded as final agency action, subject only to rehearing or judicial appeal. The general administrative procedures for rehearings in La. R.S.49:959 permit a decision or order in a case of adjudication to be subject to rehearing, reopening, or reconsideration by the agency within ten days from the date of its entry. Moreover, in La. R.S. 49:964, judicial review of a final decision or order is an adjudicatory proceeding within thirty days after mailing of notice of the final decision by the agency or within thirty days of the decision following a rehearing.
Thereafter, all administrative rulings of the Victims Reparation Board clearly fall under the statutory meaning of "thing adjudged," which is defined at La.C.Cr.P. art. 3506(31) as "that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal." Thus, such decisions constitute final agency action, falling within the ambit of res judicata. The legal doctrine of res judicata, which prevents subsequent judicial proceedings on the same legal cause, is codified at La. R.S. 13:4231, and provides that a valid and final judgment is conclusive between the same parties, except on appeal or other direct review. Therefore, after the periods applicable to rehearing and appellate review have expired, res judicata bars subsequent litigation on those judgment awards.
Thus, it is the opinion of this office that the amendment to the Crime Victims Reparations Act increasing the amount of damages recoverable for permanent and total injuries should be applied retroactively; however, all reparations claims previously settled cannot be re-opened consistent with the doctrine of res judicata.
If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ FREDERICK A. DUHY, JR. Assistant Attorney General